Roy C. Handley

*vs.*

Metropolitan Life Insurance Company.

Androscoggin.     Opinion October 10, 1928.

362

*George C. Webber*, for plaintiff.
*W. B. & H. N. Skelton*, for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, PATTANGALL, JJ.

DEASY, J.   Action on a policy of health insurance.  Nonsuit ordered.  Plaintiff excepts.

In the body of the policy the defendant corporation insures the plaintiff against "the results of disease or sickness contracted while this policy is in force."

.Repeating and emphasizing the limits of the coverage, a clause in the policy reads: "The insurance . . . . shall not cover any disease, sickness or disability . . . which results from or is the sequel of any

disease contracted or infirmity existent prior to the date of this policy."

The date of the policy is September 20, 1926; its term twelve months.

On November 8, 1926, the plaintiff entered a hospital in Boston for treatment.

For total disability while in the hospital and partial disability while at home, indemnity is asked, for an entire period of about a year. In his statement of claim the plaintiff described his disease as "tumor in the scalp." Dr. Cushman, the only medical witness, diagnosed the disease as "epithelioma of the scalp," "one of the varieties of cancer," "a malignant growth." The undisputed evidence shows that at the time of the issuance of the policy the plaintiff was and for some years had been suffering from the same progressive disorder; that he had before received surgical treatment for it and planned to go again to a hospital. It is clear that the plaintiff's disease was not "contracted while this policy is in force" but was "existent prior to the date of this policy."

But the plaintiff relies upon R. S. Chap. 53, Sec. 119, which provides: "Such agents and the agents of all domestic companies shall be regarded as in the place of the company in all respects regarding any insurance effected by them. The company is bound by their knowledge of the risk and of all matters connected therewith. Omissions and misdescriptions known to the agent shall be regarded as known by the company, and waived by it as if noted in the policy."

The plaintiff gave the insurance agent (Howland) all the information about his disease that he himself possessed. He told Howland about the origin and progress of the disorder, his previous surgical treatment and his intention of entering a hospital; also that another insurance company had by reason of the same disease refused to pay an idemnity. But the plaintiff did not inform the agent, and indeed did not himself know that his disease was a malignant tumor or cancer.

The defendant corporation did not by the terms of its policy undertake to insure the plaintiff against existing disease. It expressly excepted from the coverage of the policy all such diseases and their results.

It clearly is not liable to pay indemnity on account of existing diseases that were unknown to the company or its agent when the policy was issued.

·But the plaintiff argues that, by force of the statute, the company must be held liable to pay indemnity in respect to any disease of the insured of which, at the date of the policy, it had constructive knowledge.

An insurance company may, with full knowledge, insure against the results of an existing disease as it could against the destruction of a burning building or the loss of a sinking ship. A statute in force when a policy is issued may read itself into the contract and superseding express stipulations to the contrary, compel such construction.

But a contract or statute would need to be very clear in its terms to create a liability so unlikely to be intentionally assumed.

By the statute above quoted knowledge possessed by the agent when the policy is issued, is imputed to the principal. And the statute goes further. It provides that "omissions and misdescriptions" known to the agent shall be deemed to be noted in the policy and waived.

Whether the waiver which the statute creates out of known "omissions and misdescriptions" is intended to charge insurance companies with responsibility for the results of known diseases it is not now necessary to determine.

A waiver is a voluntary relinquishment of a known right. Knowledge is an essential element of waiver. *Marcoux* v. *Society of St. John Baptist*, 91 Me., 250; *Whalen* v. *Accident Co.*, 99 Me., 236.

It is not shown that the defendant when it made its contract had any knowledge, either actual or imputed, of the plaintiff's cancerous affection, a material and vital fact.

The written application signed by the plaintiff, though filled out by the agent's hand, communicated no such knowledge. To the direct question contained in it, "Have you ever had cancer or tumor"? the answer is, "No."

It is not shown that the agent had been informed or knew that the plaintiff was suffering from a form of cancer. Indeed the plaintiff was not then aware of it.

The company is not bound, though the agent may be, by promises, assurances or representations of such agent not contained in the policy.

Knowledge of the agent may, however, read itself into the insurance contract.

° But the burden of proving such knowledge as is necessary to create a waiver of the terms of the policy and establish the liability claimed is not in this case supported by evidence.

*Exceptions overruled.*